HOWARD W. HAYES and SIMON S. OTT, executors of George W. Tewksbury, deceased,

*v.*

THE UNITED STATES PHONOGRAPH COMPANY et al.

[Filed May 26th, 1903.]

1. A bill seeking relief against a judgment at law on the ground that the complainants had a valid legal defence to that action, which they were prevented from presenting because the evidence on which such defence could be made was not discovered until after the trial and judgment, must not only show the relevancy or materiality of such evidence, but must also show that proper diligence had been used in the preparation for such trial, or that no diligence would have discovered such evidence, and it is demurrable if it fails to make such averments.

2. Since the passage of the amendment to the Practice act, which permits application for a new trial at law after the term (*Gen. Stat. p. 2539*), a court of equity will decline to exercise its jurisdiction in respect to new trials, when the relief sought may be obtained by an application to the court of law.

On demurrer to bill.

*Mr. Edward Q. Keasbey,* for the demurrants.

*Mr. Joseph L. Munn,* for the complainants.

MAGIE, CHANCELLOR.

The United States Phonograph Company and J. Stogdell Stokes, two of the defendants, demurred to the bill in this cause.

The prayer of the bill is that the said company and Charles H. Burr, Robert C. Banes and J. Stogdell Stokes may be decreed to refund and pay back to the complainants as executors of George W. Tewksbury, deceased, the amount (with interest) of a judgment recovered against complainants as such executors, and paid by them.

The facts upon which this prayer is predicated are stated in the bill as follows: that the complainants are the executors of George E. Tewksbury, deceased, holding letters testamentary from the surrogate of the county of Essex, in which the testator died; that an action was brought against them, as executors, for the recovery of money alleged to be due from the testator to the United States Phonograph Company; that the action was brought in the circuit court of Essex county and came to trial before that court upon the plea of the general issue interposed by complainants; that the trial resulted in a verdict in favor of the company for $2,197.05, upon which verdict a judgment was entered and the amount of the judgment was afterwards paid to the said company by the complainants; that the complainants have since learned that, at the time the action was brought, the sum above mentioned was no longer due from the testator or his estate, but had been assumed and agreed to be paid by one Challenger; that said Challenger had, before the institution of said suit, executed and delivered to said company his written obligation to pay said sum, and assigned to said company certain collateral securities for its payment, which obligation and securities said company had accepted in settlement and satisfaction of its claim, and that complainants had no knowledge or information, at the time of the trial, as to the assumption of the debt by Challenger or of the acceptance by the company of the obligation and security given by Challenger to the company. The bill charges that the obligation of Challenger, with the collateral security, was in the possession of the company at the time of the pending of the suit and its trial, and was known to the officers of the company, who concealed the same from the complainants.

The specific relief prayed for in the bill is a decree for the refunding of the money paid by complainants upon a judgment obtained against complainants and yet remaining upon the record of the court in which it was rendered. While that judgment remains open and unreversed, it presents an absolute bar against the recovery by complainants, in an action at law, of the money which they have paid thereon. An appeal to a

court of equity for relief against a judgment voluntarily paid must be supported by charges of facts justifying such relief.

In the case made by the bill, it is not sought to interfere with the judgment in question, because complainants had an equitable defence which could not be interposed in the action at law. The ground of interference claimed is that complainants, being defendants in the action in which the judgment was rendered, had a valid legal defence on the merits, which they were prevented from maintaining by fraud, mistake or accident, there having been no negligence or laches in respect to such defence. *3 Pom. Eq. Jur.* § *1364.*

When such a case for interference is made out, and the judgment has not been paid, relief is granted by enjoining the enforcement of the judgment until the plaintiff has consented to a new trial or a new trial will be otherwise had. *2 Pom. Eq. Jur.* § *836; Cairo and Fulton Railroad Co.* v. *Titus, 5 Stew. Eq. 397.*

When such a case for interference with the judgment has been made out, and the judgment has been enforced, equity will require repayment or restoration of money or property inequitably received upon the judgment. *Williamson* v. *Johnson, 1 Halst. Ch. 537; Herbert* v. *Herbert, 2 Dick. Ch. Rep. 17; S. C., 4 Dick. Ch. Rep. 70.* In the case last cited, a plaintiff in attachment who had purchased lands under a sale made upon his judgment in the attachment proceedings, was decreed to reconvey the lands, upon proof that the judgment had been inequitably obtained. The court of errors, on appeal, affirmed the decree, with the addition that the plaintiff in attachment should be forever enjoined from enforcing his judgment unless he should, within a specific time, open the same and let in the defendant to defend the suit. *Herbert* v. *Herbert, 4 Dick. Ch. Rep. 565.*

Whether upon such a bill the appropriate decree would enjoin the enforcement of the judgment or require restoration of something obtained by its enforcement is immaterial to the present inquiry. For the bill, in either aspect, is a bill for a new trial on the ground of newly-discovered evidence. It is well settled that such a bill must disclose the character of the evidence alleged to have been discovered, so as to show its relevancy and

materiality, and that it should further make known that there had been proper diligence used in the preparation for the trial of which complaint is made, or that no diligence would have succeeded in bringing the evidence to light in time. Failure in these particulars is held by the court of errors to render such a bill demurrable. *Hannon* v. *Maxwell, 4 Stew. Eq. 318.*

It may be open to question whether this bill discloses evidence material to the defence of the action at law. There was admittedly an obligation of the testator to the company. The bill does not assert that it was released, but only that another obligation was substituted therefor; whether a case of novation is stated is doubtful. *Ad. Cont. 372.*

But there is no attempt made in the bill to show that complainants used such diligence as was required of them to discover evidence for the trial at law, or any diligence at all. On the face of the charges of the bill it would seem that due diligence would have disclosed the present alleged defence. But if that is not a justifiable inference, the rules of equity pleading at least require a statement of the diligence in fact used. For this fault the demurrer must be sustained.

The bill is also faulty in another respect.

Bills of this character are not entertained by a court of equity if relief on the case made can be obtained by resort to the court of law. When courts of law refused to consider applications for new trials, courts of equity exercised jurisdiction in relieving against judgments which had been obtained when relevant material evidence had not been produced in defence, because the defendant, although diligent in preparation, had not discovered it. But as courts of law came to listen to applications for new trials on the ground of newly-discovered evidence, courts of equity withdrew from the exercise of the jurisdiction. *Hannon* v. *Maxwell, ubi supra.* While the jurisdiction of the courts of law in allowing new trials was restricted to applications made during the term at which the judgment had been entered, courts of equity exercised their jurisdiction to afford relief in such cases when the newly-discovered evidence had come to light too late to permit an application to the law court. As the legislature has extended the jurisdiction of the

law courts to grant new trials after the expiration of the terms, this court has further withdrawn from the exercise of its jurisdiction in that regard. *Wolcott* v. *Jackson, 7 Dick. Ch. Rep. 387; Gen. Stat. p. 2589 § 328.*

There are statements in the bill to the effect that the defendant company has voluntarily dissolved, and the other defendants are made parties as being the stockholders and officers of the company at its dissolution. These statements led to some question whether there was not an equity shown which might require the bill to be held in this court, notwithstanding the extended jurisdiction of the law courts. For, if the newly-discovered evidence proves sufficient to defeat the action and require restoration of the amount paid, this court might conveniently follow the assets into the hands of the defendants. But on examination of the Corporation act of 1896 I find that if the judgment be opened, and upon a new trial a verdict and judgment pass for the defendant in the action, an action will lie against the directors, in the name of the corporation, or in their own names, for debts owing by the corporation, and they are made jointly and severally responsible therefor to the amount of moneys of the corporation which came to their hands.

For both reasons the demurrer must be sustained.